UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| *In re Subpoena Issued to:*<br><br>CHIEF RICHARD MACAULEY, in his official capacity as Chief of the Uniformed Division of the U.S. Secret Service,<br>950 H Street, NW<br>Washington D.C. 20004<br><br>*In the Criminal Matter of:*<br><br>DISTRICT OF COLUMBIA<br><br>v.<br><br>MARQUITA TIBBS,<br><br>Defendant. | Misc. No. 26-0078 (JDB)<br><br>*on removal from*<br>No. 2025 CTF 003570 (D.C. Super. Ct.) |

**MOTION TO QUASH SUPERIOR COURT SUBPOENA**
**AND MEMORANDUM IN SUPPORT THEREOF**

Chief Richard Macauley, in his official capacity as Chief of the Secret Service Police, formerly the Uniformed Division of the U.S. Secret Service ("Agency" of "USSS"), by and through undersigned counsel, respectfully moves the Court to quash the subpoena that is the subject of this miscellaneous matter.

**BACKGROUND**

This motion to quash concerns a subpoena issued to the Agency under the authority of the Superior Court of the District of Columbia ("Superior Court") on behalf of the criminal defendant in *District of Columbia v. Marquita Tibbs*, No. 2025 CTF 003670 (D.C. Super. Ct.) (the "underlying criminal matter").

In the underlying criminal matter, a USSS officer arrested Marquita Tibbs ("Defendant") and the District of Columbia charged Defendant in Superior Court with Driving under the

Influence (DUI) in violation of D.C. Code § 50-2206.11; Operating a Vehicle While Impaired, in violation of D.C. Code § 50-2206.14, and Possession of an Open Container of Alcohol, in violation of D.C. Code § 25-1001(a)(2). *See District of Columbia v. Tibbs*, Case No. 2025 CTF 003570 (D.C. Super. Ct.), Apr. 1, 2025 Dkt. Entry. After being arraigned, Defendant moved to suppress all evidence obtained from the traffic stop, contending that the arresting USSS officer lacked authority to stop and arrest her. *See* Ex. 1 (Def.'s Mot. to Suppress, *District of Columbia v. Tibbs*, Case No. 2025 CTF 003570 (D.C. Super. Ct. filed Oct. 30, 2025)). Over the next several months, the District of Columbia and Defendant briefed Defendant's motion. *See generally* Dkt. in *District of Columbia v. Tibbs*, Case No. 2025 CTF 003570 (D.C. Super. Ct.).

Subsequently, Defendant obtained and, on May 15, 2026, USSS received, the subpoena. The subpoena commands USSS Uniformed Division Chief Richard Macauley, or his designated organizational witness, to appear at a hearing before the Superior Court on the Defendant's Motion to Suppress, as a witness for Defendant. *See* Ex. A to Not. of Removal (ECF No. 1).[1] Further, the subpoena commands Chief Macauley, or his designated organizational witness, to bring four specified categories of documents with him to such appearance:

> (1) "all documents . . . showing or discussing or relating to the patrol area and authority for the United States Secret Service-Uniformed Division [("USSS-UD")] to enforce . . . [D.C.] traffic regulations and arrest individuals for offenses solely against the District of Columbia and brought in the name of the District of Columbia outside" boundaries specified by Defendant;

[1] The subpoena states the hearing is scheduled for May 22, 2026. *See* Ex. A to Not. of Removal (ECF No. 1). However, the hearing was subsequently advanced to May 21, 2026. *See District of Columbia v. Tibbs*, Case No. 2025 CTF 003570 (D.C. Super Ct.), May 21, 2026 Dkt. Entry. A revised subpoena was not provided to the Agency, and Chief Macauley did not appear at the May 21, 2026 hearing. During the hearing, Defendant requested that the Superior Court impose a sanction due to Chief Macauley's absence. *See id.* The Superior Court has held that request in abeyance, pending further briefing of Defendant's motion to suppress. *See id.* A status hearing is currently scheduled in that matter for July 31, 2026. *See id.*

(2) "any cooperative agreements, memoranda of understanding, or any other agreement of like kind between the [USSS-UD] and the Metropolitan Police Department (or any other law enforcement agency empowered by D.C. Code § 5-133.17) that expands the jurisdiction and authority of the [USSS-UD] outside the[se] boundaries . . . and/or expands the [USSS-UD's] stop authority to the commission of traffic violations under District of Columbia municipal traffic regulations (DCMR) and expands its arrest authority to the commission of any traffic offenses under Title 50, [D.C.] Code Annotated, brought solely in the name of the District of Columbia under D.C. Code § 23-101";

(3) "[t]he authority or citation that USSS-UD relies on to support its jurisdiction and authority to stop and arrest motorists for traffic offenses"; and

(4) "[t]he standard operating procedure and related documents, and training material for Officers for inventory searches conducted by Uniformed Officers of the USSS as required by: *South Dakota v. Opperman*, 428 U.S. 364 (1976); *Colorado v. Bertine*, 479 U.S. 367 (1987); and *Madison v. United States*, 512 A.2d 279 (D.C. 1981). Training proof for Officer Dustin Gomez (U16763), M. Kastroba (3136), and M. Curry (1245).

*Id.* Notably, the subpoena does not allege that Chief Maccauley had a role in the arrest of the Defendant or has knowledge of the underlying criminal matter. *See id.*

Later that same day, Defendant sent a letter to the Agency's Office of General Counsel, attaching the subpoena, and further specifying that she sought Chief Macauley's "testimony concerning the orders [he] gave to USSS-UD members to stop and arrest motorists outside the White House Compound for traffic offenses." *See* Ex. 2 (May 15, 2026 Ltr. from Def.'s Counsel to USSS). On May 20, 2026, USSS removed this subpoena matter to this Court consistent with *Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408, 412-15 (D.C. Cir. 1995).

## ARGUMENT

The subpoena should be quashed. Sovereign immunity bars enforcement of the subpoena against the Agency; enforcement of the subpoena against the Agency would violate the Supremacy Clause; and the subpoena does not meet the standards for a criminal subpoena. Moreover, pursuant to *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) ("*Touhy*"), Defendant's sole remedy here is a collateral action under the Administrative Procedure Act ("APA").

## I. Sovereign Immunity Bars Enforcement of the Subpoena Against the Agency.

As the D.C. Circuit has made clear, "[i]n state court the federal government is shielded by sovereign immunity, which prevents the state court from enforcing a subpoena." *Houston Bus. J., Inc. v. Off. of Comptroller of Currency*, 86 F.3d 1208, 1211 (D.C. Cir. 1996). The Superior Court is defined as a "state court," 28 U.S.C. § 1451, and "[t]he courts of the District of Columbia are treated as 'state' courts for removal purposes." *Brown & Williamson Tobacco*, 62 F.3d at 413 n.3 (citation omitted); *see also* 28 U.S.C. § 1442. "It is settled beyond all question that the sovereign immunity of the United States precludes a state court from enforcing a subpoena . . . issued by a state court and served on a non-party federal government agency." *Longtin v. Dep't of Just.*, Civ. A. No. 06-1302 (JMF), 2006 WL 2223999, at *2 (D.D.C. Aug. 3, 2006) (citing *Houston Bus. J., Inc.*, 86 F.3d at 1211-12). "It, therefore, follows that a federal court must quash such a subpoena when the federal official or agency upon whom the subpoena was served removes the state court action to a federal court because the federal court lacks jurisdiction to enforce it." *Id.* at *2; *see also Pretrial Servs. Agency for D.C. v. Sanders*, 780 F. Supp. 3d 286, 295 (D.D.C. 2025) ("The upshot is that 'the D.C. Superior . . . lacks 'jurisdiction to enforce the subpoena because' of 'sovereign immunity.'" (citation omitted)).

Just as the Superior Court cannot enforce the subpoena, the District Court cannot either. "[B]ecause a federal court's jurisdiction upon removal is derivative of the state court's, the federal court in a removed action is also barred from enforcing a subpoena against the federal government." *Houston Bus. J., Inc.*, 86 F.3d at 1212; *see also Pretrial Servs. Agency for D.C.*, 780 F. Supp. 3d at 290 ("Put another way, a federal court will quash a state-court subpoena directed to a federal agency if '[s]overeign immunity bars the state court'—and thus the federal court 'on removal jurisdiction'—from enforcing the subpoena." (citation omitted)); *Est. of Pal v. Barcode Corp.*, Civ. A. No. 19-MC-0109 (CKK), 2019 WL 4709902, at *2 (D.D.C. Sept. 26, 2019)

("[B]ecause the underlying civil case is in state court, this Court's jurisdiction is derivative of the state court's jurisdiction, and this Court also lacks jurisdiction to enforce the subpoena against the United States Attorney.");

Accordingly, USSS, as a component of the federal government, holds sovereign immunity over the Superior Court's subpoena. *See, e.g.*, *Est. of Pal v. Barcode Corp.*, 2019 WL 4709902, at *2 (collecting cases); *Stauffer v. Miller*, Civ. A. No. 14-MC-0454 (ABJ-AK), 2014 WL 12539886, at *3 (D.D.C. July 16, 2014) ("Sovereign immunity prevents federal agencies from being compelled to respond to subpoenas issued by a State court."); *Santini v. Herman*, 456 F. Supp. 2d 69, 72 (D.D.C. 2006) ("This Court is without jurisdiction to enforce a Superior Court subpoena against the federal government."). The subpoena should be quashed on such basis.

## II. <u>The Supremacy Clause Bars Enforcement of the Subpoena Against the Agency.</u>

Enforcing the subpoena would also violate the Supremacy Clause by ignoring both the APA and the relevant *Touhy* regulations. U.S. Const. art. VI, cl. 2. As the U.S. Court of Appeals of the Fourth Circuit explained in *Boron Oil Co. v. Downie*:

> The principle of federal supremacy reinforces the protection of sovereign immunity in the case at bar. The assertion of state court authority to override the EPA's *Touhy* regulations clearly violates the Constitution's Supremacy Clause. First, Congress has expressly limited Administrative Procedure Act review to the federal courts, and a state court's assertion of the power of judicial review over federal agencies directly contravenes 5 U.S.C. § 702. Second, properly promulgated agency regulations implementing federal statutes have the force and effect of federal law which state courts are bound to follow. *See Chrysler Corp. v. Brown,* 441 U.S. 281, 295–96, 99 S.Ct. 1705, 1714–15, 60 L.Ed.2d 208 (1979). The action of a state court to compel an official of a federal agency to testify contrary to the agency's duly enacted regulations clearly thwarts the purpose and intended effect of the federal regulations. Such action plainly violates both the spirit and the letter of the Supremacy Clause.

873 F.2d 67, 71 (4th Cir. 1989); *see also Watts*, 482 F.3d at 508 n* ("state court subpoenas present entirely different issues . . . because of the Supremacy Clause and sovereign immunity"); *Exxon Shipping Co. v. Dep't of Interior*, 34 F.3d 774, 778 (9th Cir. 1994) ("The limitations on a state

court's subpoena . . . powers stem from the sovereign immunity of the United States and from the Supremacy Clause."). Thus, the Supremacy Clause further warrants quashing of the subpoena.

## III. <u>The Subpoena Does Not Meet the Standards For a Criminal Subpoena</u>

In addition, the subpoena does not meet the "exacting standards" for a criminal subpoena, *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 386 (2004), and should also be quashed on that basis.

D.C. Superior Court Rule of Criminal Procedure 17(c) governs the issuance of subpoenas for the production of documents and other items in criminal cases in D.C. Superior Court. *See* D.C. Super. Ct. R. Crim. P. 17(c). Criminal subpoenas must satisfy "exacting standards of (1) relevancy; (2) admissibility; (3) specificity." *Cheney*, 542 U.S. at 386 (internal quotation marks and citation omitted); *see also Cooper v. United States*, 353 A.2d 696, 700 (D.C. 1975) (holding the same). They are "not intended to provide a means of discovery." *Id.* Further, the requesting party must show that the evidence it seeks: "(1) is evidentiary and relevant; (2) is not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) the party cannot properly prepare for trial without it; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" *United States v. Nixon*, 418 U.S. 683, 700 (1974); *see also Cooper*, 353 A.2d at 701 (following *Nixon*). Here, the subpoena sought by Defendant fails to meet these requirements.

First, the documents and witness testimony subpoenaed by Defendant are neither evidentiary nor relevant. As discussed above, the underlying matter here is a criminal proceeding before the Superior Court. In considering relevance, the D.C. Court of Appeals, presiding over the Superior Court, has instructed that relevant evidence is that which "tends to make the existence or nonexistence of a contested fact more or less probable than it would be without the evidence." *Busey v. United States*, 747 A.2d 1153, 1165 (D.C. 2000) (brackets, internal quotation marks, and

citations omitted). "This standard is met so long as the evidence offered conduces *in any reasonable degree* to establish the probability or improbability of the fact in controversy. A defendant has no right to present irrelevant evidence." *McCraney v. United States*, 983 A.2d 1041, 1054 (D.C. 2009) (internal quotation marks and footnotes omitted, emphasis in original).

Here, the subpoena seeks testimony and documents from an organizational witness from USSS at a Motion to Suppress hearing. Defendant's Motion to Suppress raises one issue: whether the officer who stopped Defendant had the authority to do so. *See* Ex. 1. In so doing, Defendant is requesting a fact witness to testify as to a legal conclusion—whether the Secret Service has lawful authority to conduct arrests—which is wholly inappropriate. The organizational witness's understanding of the law would not make a contested fact more or less probable. *See Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1212 (D.C. Cir. 1997) (in the context of expert testimony, finding that testimony that consists of legal conclusions cannot properly assist the trier of fact in determining a fact in issue). For example, in *United States v. Sutton*, the Court found that an expert in police procedures was not entitled to offer testimony on whether the defendant, a police officer, was entitled to conduct a stop under the law. 642 F. Supp. 3d 57, 75 (D.D.C. 2022). Here, too, Defendant's subpoena for testimony regarding USSS-UD jurisdiction to conduct arrests would be impermissible legal testimony.

By the same token, such testimony would likely touch on information protected by attorney-client privilege. "A communication by an attorney working for a government agency is protected . . . when the communication 'relate[s] to some legal strategy, or to the meaning, requirements, allowances, or prohibitions of the law.'" *A.N.S.W.E.R.*, *Coal v. Jewell*, 292 F.R.D. 44, 48 (D.D.C. 3013) (quoting *General Elec. Co. v. Johnson*, Civ. A. No. 00-2855, 2006 WL 2616187, at *16 (D.D.C. Sept. 12, 2006)). By seeking testimony regarding USSS-UD

jurisdiction—testimony that asks the official to speak to the Agency's legal authority—Defendant necessarily implicates information that may be provided to the official under attorney-client privilege.

To the extent Defendant argues that she will not elicit legal testimony, and rather, requests testimony regarding USSS-UD operations, then that testimony would be inadmissible under the federal law enforcement privilege. The federal law enforcement privilege protects against the disclosure "of information that would be contrary to the public interest in the effective functioning of law enforcement." *Tuite v. Henry*, 181 F.R.D. 175, 176 (D.D.C. 1998). It serves to protect "the integrity of law enforcement techniques and confidential sources, protects witnesses and law enforcement personnel, safeguards the privacy of individuals under investigation, and prevents interference with investigations." *A.N.S.W.E.R., Coal.*, 292 F.R.D. at 50 (quoting *Tuite*, 181 F.R.D. at 176-77). The privilege is a qualified one, and the public interest in nondisclosure must be balanced against the needs of a particular litigant for access to the privileged information. *Tuite v. Henry*, 98 F.3d 1411, 1418 (D.C. Cir. 1996).

Here, if Defendant, for example, seeks to elicit testimony regarding the number of officers posted in or around the site of her arrest; where the Officers are posted; staffing protocols; information about law enforcement tactics and strategies; the use of certain equipment in investigation or protection; the locations of security facilities, etc., all that testimony would be privileged under the federal law enforcement privilege. That is because such testimony—in addition to being only marginally relevant to the prosecution in the underlying criminal matter—would disclose law enforcement techniques and information that could forewarn potential violators by providing them with sensitive information that could be used to circumvent law enforcement efforts, thereby thwarting government processes. Indeed, in *A.N.S.W.E.R.*, the court held that such

documents fell within the law enforcement privilege. 292 F.R.D. at 51-52; *see also Kusuma Nio v. Dep't of Homeland Sec'y*, 314 F. Supp. 3d 238, 244-45 (D.D.C. 2018) (information about the techniques and procedures used by federal agency to perform security checks fell within the law enforcement privilege).

Second, the subpoena lacks requisite specificity and amounts to an impermissible fishing expedition. A subpoena to produce documents cannot stand if it is intended as a fishing expedition by the defense. *Cooper*, 353 A.2d at 700. In *Nelson v. United States*, 649 A.2d 301, 309 (D.C. 1994), the Court held that "[o]f course, the documents must have evidentiary relevance and not be for the purpose of conducting a 'fishing expedition.'" *Id.* (quoting *Brown v. United States*, 567 A.2d 426, 428 (D.C.1989)); *Cooper*, 353 A.2d at 701. Here, Defendant's request casts the widest net possible, seeking four broad categories of documents dating back nearly 30 years. *See* Ex. A to Not. of Removal (ECF No. 1). In making such an extensive request, Defendant appears to be simply hoping that something valuable might be uncovered and does not know what, if any, documents may exist that would be relevant to her defense. That, by itself, renders the request a fishing expedition, which is disallowed under *Cooper* and its progeny. *See also United States v. Binh Tang Vo*, 78 F. Supp. 3d 171 (D.D.C. 2015) (noting that Federal Rule of Criminal Procedure 17, the federal analog to D.C. Superior Court Rule of Criminal Procedure 17, "is not a rule for discovery" (citation omitted)).

Third, finally, the subpoena is, on its face, oppressive and unreasonable. D.C. Superior Court Rule of Criminal Procedure 17(c) empowers the quashing of a subpoena of documents upon a finding that the request is "unreasonable and oppressive." D.C. Super. Ct. R. Crim. P. 17(c); *see also United States v. Moultrie*, 340 A.2d 828, 832 (D.C. 1975); *cf Cheney*, 542 U.S. at 391 (in discovery context, cautioning that "all courts should be mindful of the burdens imposed on the

Executive Branch" in responding to requests for documents). In *Davis v. United States,* the D.C. Court of Appeals affirmed the quashing of subpoenas issued to high government officials, including the acting chief of the Metropolitan Police Department, holding that such officials should not be called to testify personally unless "a clear showing is made that such a proceeding is essential to prevent prejudice or injustice to the party who would require it." 390 A.2d 976, 981 (D.C. 1978); *see also Hemmati v. United States*, 564 A.2d 739, 746 (D.C. 1989) (holding that calling high government official to testify would be "a waste of a high public official's time in contravention of public policy," where party had failed to make a clear showing that the high government official's testimony would be relevant). So, too, here. The organizational witness from which Defendant seeks testimony—the Chief of the Uniformed Division of the U.S. Secret Service—is a high government official, and Defendant has failed to make a clear showing that his testimony is "essential to prevent prejudice or injustice."

Accordingly, because the subpoena does not meet the "exacting standards" for a criminal subpoena, it should be quashed.

## IV. <u>Defendant's Sole Remedy Is a Collateral Action Under the APA.</u>

Under *Touhy*, a state court litigant cannot obtain a subpoena against an employee of a federal agency that has enacted *Touhy* regulations. *See Houston Bus. J., Inc.*, 86 F.3d at 1212 n.4. Rather, a state-court litigant must request the sought-after testimony or documents from the federal agency pursuant to the agency's *Touhy* regulations; and, if the agency refuses to provide the requested testimony or documents, the "sole remedy" for a state court litigant is "to file a collateral action in federal court under the APA." *Id.* at 1212; *see also Watts v. SEC*, 482 F.3d 501, 509 (D.C. Cir. 2007) (the "state court litigant's only recourse from a federal agency's refusal to comply with a state court subpoena is to bring an [APA] claim—necessarily governed by the APA arbitrary and capricious standard—against the agency in federal court"); *Santini*, 456 F. Supp. 2d at 71

("When an agency has enacted *Touhy* regulations, the litigant must proceed under the [APA], and the federal court will review any agency decision not to permit its employee to testify under an arbitrary and capricious standard."); *Longtin*, 2006 WL 2223999, at *3 (D.D.C. Aug. 3, 2006) (finding that, where agency denied party's *Touhy* request, "the only way to overturn" such denial "is to file a civil complaint under the Administrative Procedure Act and to establish that the [denial] . . . was arbitrary, capricious, and unreasonable").

Here, the Department of Homeland Security, of which USSS is a component, has *Touhy* regulations that provide an administrative framework for requesting testimony and documents in connection with litigation. *See* 6 C.F.R. §§ 5.41-.49. Those regulations generally proscribe Agency employees from testifying, or providing responsive documents, concerning information acquired as part of the performance of their official duties, unless authorized by the Office of the General Counsel. *Id.* § 5.44(a)-(b). Defendant has sought to have an Agency employee testify and provide documents concerning information acquired as part of the performance of his official duties, *see* Ex. A to Not. of Removal (ECF No. 1); the Office of General Counsel, in turn, has not authorized such testimony. Accordingly, Defendant's "sole remedy" would be "to file a collateral action in federal court under the APA." *Houston Bus. J., Inc.*, 86 F.3d at 1212.[2]

* * *

[2] As noted above, Defendant only sent a purported *Touhy* request on May 15, 2026—after Defendant obtained the subpoena. USSS has not yet responded to that communication, and Defendant's *Touhy* request is currently under review. Accordingly, any collateral action against USSS concerning that request would be premature.

**CONCLUSION**

For the foregoing reasons, the Court should quash the subpoena issued to the Agency.

Dated: May 31, 2026
Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: *\/s/ William Thanhauser*
WILLIAM THANHAUSER
D.C. Bar #1737034
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-7706

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

*In re Subpoena Issued to:*

CHIEF RICHARD MACAULEY, in his official capacity as Chief of the Uniformed Division of the U.S. Secret Service,
950 H Street, NW
Washington D.C. 20004

*In the Criminal Matter of:*

DISTRICT OF COLUMBIA

v.

MARQUITA TIBBS,

Defendant.

Misc. No. 26-0078 (JDB)

*on removal from*
No. 2025 CTF 003570 (D.C. Super. Ct.)

**[PROPOSED] ORDER**

UPON CONSIDERATION of the Agency's motion to quash, and the entire record herein, it is hereby

ORDERED that the Agency's motion is GRANTED; and it is further

ORDERED that Subpoena issued to the Agency is QUASHED.

SO ORDERED:

______________________
Dated

______________________
JOHN D. BATES
United States District Judge