# Exhibit 2

**JOHN DAVID MARTORANA**

600 Pennsylvania Ave., N.W. ~ Suite 900 ~ Washington, D.C. 20004 ~ 571-381-2525 ~ martoranalaw@outlook.com

**BAR MEMBERSHIPS**:                              Virginia, District of Columbia, Maryland

May 15, 2026

Stephen Kaufman (USSSLegal@usss.dhs.gov)
Deputy General Counsel
Office of the Chief Counsel for the United States Secret Service
950 H Street, N.W.
Washington, D.C. 20001

**SUBJECT:    Touhy Response for Chief Richard Macauley's Testimony and Operating Procedures (District of Columbia v. Tibbs, 2025 CTF 003570)**

Mr. Kaufman,

A United States Secret Service Uniformed Division ("USSS-UD") Officer stopped my client more than one mile away from the White House Compound for violating a District of Columbia traffic regulation and he arrested that person for driving under the influence, an offense brought in the name of the District of Columbia under D.C. Code § 23-101. Instead of allowing my client to leave the car legally parked where the stop occurred or have the lawfully licensed passenger drive the legally registered car home, your officer conducted an inventory search of the vehicle which revealed incriminating evidence that could not and cannot be justified under the plain view doctrine under *Arizona v. Hicks*, 480 U.S. 321, 325-26 (1987).

The Office of the Attorney General ("OAG") charged my client with Driving Under the Influence ("DUI"), in violation of D.C. Code § 50-2206.11. The case is scheduled for a trial (please refer to the attached subpoena), where a USSS-UD Officer will appear to provide testimony in Superior Court pursuant to an OAG request.

Meanwhile, my client filed a motion to suppress the stop by your officer, arguing that the stop and evidence thereafter obtained was a per se unreasonable extraterritorial stop. *United States v. Simon*, 368 F. Supp. 2d 73, 76 (D.D.C. 2005); *District of Columbia v. Perry*, 215 A.2d 845, 847 (D.C. 1966). In this regard, the USSS-UD enabling statute, 18 U.S.C. § 3056A, does not provide it with authority to enforce minor traffic violations or arrest motorists for offenses brought in the name of the District of Columbia. *Davis v. United States*, 306 A.3d 89, 110 (D.C. 2023) ("Agencies may only wield the authority given to them by their organizing statutes"). On the contrary, the USSS-UD may only arrest a suspect for an offense committed against the United States and then only within the White House Compound in connection with its protective functions in emergency situations. *Compare*, 18 U.S.C. § 3056A, *with*, 2 U.S.C. § 1967; D.C. Code § 5-201; 28 U.S.C. § 540C.

Further, 18 U.S.C. § 3056A(b) permits the Director of the USSS to control the action and procedures of USSS-UD officers in cases where USSS-UD officers effectuate an arrest for an offense against the United States in the White House Compound. For this reason, the Director, or his designee, must appear for the Motion to Suppress hearing to provide testimony concerning the orders he/she gave to USSS-UD members to stop and arrest motorists outside the White House Compound for traffic offenses. The USSS-UD does not have a cooperative agreement with the Metropolitan Police Department under D.C. Code § 5-133.17, as Congress has required under subsection (d)(21).

SUBJECT:    Touhy Response for Chief Richard Macauley's Testimony and Operating
            Procedures (District of Columbia v. Tibbs, 2025 CTF 003570)

My client is also arguing that, because the car was legally parked on the street and the passenger could have driven the car home, your officer conducted an unlawful inventory search of the vehicle. A vehicle inventory search is justifiable only if the vehicle is impeding the flow of traffic on a public street and it is conducted pursuant to a reasonable standard operating ("SOP") procedure adopted by the law enforcement agency. *South Dakota v. Opperman*, 428 U.S. 364, 368-69 (1976). Under the circumstances here, the USSS-UD officer appears to have conducted an inventory search for evidentiary, rather than protective purposes. *Id*. at 368. The defense will need the USSS-UD's SOP for inventory searches, and Chief Macauley's testimony to explain and authenticate the SOP.

Accordingly, the defense lawfully issued a subpoena under Super. Ct. Crim. R. 9 for Chief Macauley's testimony about the orders, written or otherwise, that are given and the procedures that apply to subordinate officers concerning their ability to stop and arrest motorists for violations of municipal regulations miles away from the White House, any policies or directives that apply to such action, recent documents showing the area of patrol and the reasons, the standard operating procedure for inventory searches, and the training that officers receive for traffic stops and inventory searches.

The information set forth above satisfies the Department of Homeland Security's Touhy regulations set forth in 6 C.F.R. §§ 5.41-5.49. My client is requesting documents and testimony and has sent, via email and certified mail, the request to the General Counsel's Office under 6 C.F.R. § 5.44. My client has also outlined with specificity the nature of the documents and testimony requested, the reasons for that requests in a matter in which your agency is part of the prosecution team, and the substance of the testimony sought by the subpoena, all in compliance with 6 C.F.R. § 5.45.

My client points out that the OAG has for years requested testimony of USSS-UD officers to prove its DUI case against accused offenders. For years, those officers have appeared in Superior Court to provide such testimony. In this case, my client is alleging under the Fourth Amendment that your officers made an extraterritorial arrest and unlawfully conducted an inventory search of my client's vehicle. To this end, the orders and directives given by managing officials to patrol officers identifying the patrol area, the authority for which those officials believe they have traffic enforcement and arrest authority in the patrol area in light of *FOP, D.C. v. Rubin*, 26 F. Supp. 2d 133 (D.D.C. 1998), the standard operating procedures governing inventory searches and patrol authority, and manifests of training records concerning Fourth Amendment stops, are all relevant to the claims raised by my client.

Thank you and I look forward to your response.

Very Respectfully,

*John Martorana*
John D. Martorana
D.C. Bar Number 500084
Counsel for the Defendant

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CRIMINAL DIVISION
### SUBPOENA

UNITED STATES
District of Columbia

Vs.

Marquita Tibbs

Case No. 2025 CTF 003570

To Chief Richard MacCauley, or his designated organizational witness, USSS Uniform Division HQ

950 H Street, NW Washington, D.C. 20001 (USSSLegal@usss.dhs.gov)

**YOU ARE HEREBY COMMANDED:**

To appear before the Criminal Division room/courtroom 217 of the Superior Court of the District of Columbia, 500 Indiana Avenue/Judiciary Center, 555 Fourth Street, N.W., Washington, D.C. on the 22nd day of

May , 2026 , at 0930 a.m./p.m. as a witness for

Defense

and bring with you The documents requested in the attachment concerning the stop and arrest authority outside the grounds of the White House, Eisenhower Execut. Office Bldng., and Treasury Bldng.; stop and arrest authority for violations of DC traffic regs. and offenses brought in the name of DC under 23-101. Also

and do not depart from the Court without leave thereof. the USSS SOP for Inventory Searches and Training records

WITNESS, the Honorable Chief Judge of the Superior Court of the District of Columbia, and the seal of said Court this _____ day of _____ . 20 _____ .

_____    _____
Officer in Charge                District

*John Martorana*

Attorney for Government/Defendant
Phone No. _____

(571) 381-2525

Clerk, Superior Court
Of the District of Columbia

Authorization as required by D.C. Code s 14-307 and *Brown v. U.S.,* 567 A.2d 426 (D.C. 1989), is hereby given for issuance of subpoena for medical records.

_____        _____
Date                 Judge

**RETURN ON THIS SUBPOENA IS REQUIRED ON OR BEFORE THIS DATE:** _____

I hereby certify that I have personally served, or have executed as shown in "REMARKS," the above subpoena on the individual at the address below.

Name and Title of Individual Served              Address (If different than shown above)

I hereby certify that, after diligent investigation, I am unable to locate the individuals, company, corporation, etc., named in above subpoena for the reason (s) as shown in "REMARKS."

Date(s) of Endeavor                  Date and Time of Service

**REMARKS**                    Signature of Title of Server

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CRIMINAL AND TRAFFIC DIVISION**

| | | |
|---|---|---|
| DISTRICT OF COLUMBIA | ) | |
| | ) | |
| | ) | 2025-CTF-003570 |
| | ) | Courtroom 310 |
| v. | ) | MTS: May      22,      2026 |
| | ) | |
| | ) | |
| | ) | |
| MARQUITA   TIBBS | ) | |
| | ) | |

---

**SUBPOENA ATTACHMENT**

Directed to Richard MacCauley, Chief, Headquarters, United States Secret Service, Uniformed Division, 950 H Street, N.W., Washington, D.C. 20001 (serve to 2005 Downshire Ct. Waldorf, MD 20603). As noted in the subpoena, you are a witness for the defense at trial in the above-captioned case in the Superior Court of the District of Columbia, 500 Indiana Avenue, N.W. Washington, D.C. 20001. On the day of trial, please bring:

1. After the August 5, 1997 enactment of D.C. Code § 5-133.17, all documents, including, but not limited to, orders, internal orders, memoranda, directives, showing or discussing or relating to the patrol area and authority for the United States Secret Service-Uniformed Division to enforce, in emergency and non-emergency situations alike, the District of Columbia traffic regulations and arrest individuals for offenses solely against the District of Columbia and brought in the name of the District of Columbia outside the following borderline:

    A. Outside the property line before the Eastern-most side of the sidewalk on the east-side of 17th Street, N.W., extending from Constitution Avenue, N.W. northbound to H Street, N.W.; and

    B. Outside the property line before the Southern-most side of the sidewalk on the south-side of H Street, N.W., extending from 17th Street, N.W. east-bound to the curb of the Western-most sidewalk on Madison Place, N.W.; and

C.  Outside the curb of the Western-most sidewalk bordering H Street, N.W., extending south-bound on Madison Place, N.W., outside the property line of the United States Court of Federal Claims on Pennsylvania Avenue, N.W.; and

D.  Outside the property line to the United States Court of Federal Claims on the northwestern-most corner of Madison Place, N.W. and Pennsylvania Avenue, N.W., extending east-bound to the Western-most corner before the Western-most sidewalk on 15th Street, N.W. (where Pennsylvania Avenue, N.W., intersects with 15th Street, N.W., and the property line to the Milken Center, also known at American Security and Trust Company Building); and

E.  Outside the property line before the Western-most sidewalk on 15th Street, N.W., extending from the Milken Center southbound to Constitution Avenue, N.W.; and

F.  Outside the property line before the northern-most sidewalk on Constitution Avenue, N.W., extending west-bound to before the eastern-most side of 17th Street, N.W.; and

2.  After August 5, 1997, any cooperative agreements, memoranda of understanding, or any other agreement of like kind between the United States Secret Service-Uniformed Division and the Metropolitan Police Department (or any other law enforcement agency empowered by D.C. Code § 5-133.17) that expands the jurisdiction and authority of the United States Secret Service-Uniformed Division outside the boundaries listed above and/or expands the United States Secret Service Uniformed Division's stop authority to the commission of traffic violations under District of Columbia municipal traffic regulations (DCMR) and expands its arrest authority to the commission of any traffic offenses under Title 50, District of Columbia Code Annotated, brought solely in the name of the District of Columbia under D.C. Code § 23-101; and

3.  The authority or citation that USSS-UD relies on to support its jurisdiction and authority to stop and arrest motorists for traffic offenses; and

4.  The standard operating procedure and related documents, and training material for Officers for inventory searches conducted by Uniformed Officers of the USSS as required by: *South Dakota v. Opperman*, 428 U.S. 364 (1976); *Colorado v. Bertine*, 479 U.S. 367 (1987); and *Madison v. United States*, 512 A.2d 279 (D.C. 1981). Training proof for Officer Dustin Gomez (U16763), M. Kastroba (3136), and M. Curry (1245).

Respectfully,

*John Martorana*
John D. Martorana (571) 381-2525
D.C. Bar 500084
Counsel       for       Ms.
Tibbs