UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| *In re Subpoena Issued to:*<br><br>CHIEF RICHARD MACAULEY, in his official capacity as Chief of the Uniformed Division of the U.S. Secret Service,<br>950 H Street, NW<br>Washington D.C. 20004<br><br>*In the Criminal Matter of:*<br><br>DISTRICT OF COLUMBIA<br><br>v.<br><br>MARQUITA TIBBS,<br><br>Defendant. | Misc. No. 26-0078 (JDB)<br><br>*on removal from*<br>No. 2025 CTF 003570 (D.C. Super. Ct.) |

**REPLY IN SUPPORT OF MOTION TO QUASH SUPERIOR COURT SUBPOENA AND OPPOSITION TO MOTION TO REMAND OR, IN THE ALTERNATIVE, ENFORCE THE SUBPOENA**

Chief Richard Macauley, in his official capacity as Chief of the Secret Service Police, formerly the Uniformed Division of the U.S. Secret Service ("Agency" of "USSS"), by and through undersigned counsel, respectfully submits this combined reply in support of his Motion to Quash Superior Court Subpoena and opposition to Marquita Tibbs's Motion to Remand or, in the Alternative, Enforce the Subpoena (ECF No. 2; "Mot. to Quash").

**BACKGROUND**

On May 15, 2026, the Superior Court of the District of Columbia ("Superior Court") issued a subpoena to the Agency on behalf of Marquita Tibbs ("Defendant"). *See* ECF No. 1-1 (Ex. A to Mot. to Quash). As discussed in the Motion to Quash, that subpoena commands Chief Macauley, or his designated organizational witness, to appear at a hearing before the Superior Court as a

witness for Defendant, and to bring four specified categories of documents with him to such appearance. *See* ECF No. 2, at 2-3. On May 20, 2026, Chief Macauley removed the subpoena matter to this Court, *see* ECF No. 1, and, on May 31, 2026, Chief Macauley moved to quash the subpoena on the grounds that sovereign immunity bars its enforcement against the Agency, enforcement of the subpoena against the Agency would violate the Supremacy Clause, and the subpoena does not meet the standards for a criminal subpoena. *See* ECF No. 2.

On July 23, 2026, Defendant filed a Motion to Remand or, in the Alternative, Enforce the Subpoena. *See* ECF No. 11.[1] Therein, Defendant argues "USSS-UD has not substantiated its basis for its refusal to comply with the subpoena"; and that "[t]he subpoena is, in fact, enforceable: the USSS-UD does not have immunity from the orders of the Court overseeing a criminal prosecution that the government, itself, initiated." *Id.* at 4. As discussed below, Defendant's arguments are without merit.

**ARGUMENT**

**I. <u>Sovereign Immunity Bars Enforcement of the Subpoena Against the Agency.</u>**

In his motion to quash, Chief Macauley explained that, in both state and federal court, sovereign immunity bars enforcement of a subpoena against the federal government. ECF No. 2, at 4-5. Chief Macauley cited the extensive Circuit case law establishing this basic holding, and, thus, warranting quashing of the subject subpoena. *See id.* (collecting cases).

In opposition, Defendant acknowledges the broad "shield[]" afforded by sovereign immunity, but contends that the federal government has consented to its waiver through "initiat[ing] the criminal process against" her. *See* ECF No. 11, at 4-6. Relatedly, Defendant notes

---

[1] Although Defendant did not style her motion as an opposition to the Motion to Quash, for purposes of this filing, Chief Macauley construes it as such.

that a USSS-UD officer has been called as a witness in the case against her, *id.* at 4, asserts that "the USSS-UD, as part of the United States, . . . is a member of the local prosecution team," *id.* at 4, 10, and remarks that "USSS-UD has acceded to the process of the Superior Court to direct it to provide trial evidence" to Defendant. *Id.* at 6.

As an initial matter, to the extent Defendant contends that USSS-UD is a party to the underlying criminal matter against her, such contention is plainly belied by the record. That case is brought solely by the District of Columbia, and not also by the United States. *See generally* Dkt. in *District of Columbia v. Tibbs*, Case No. 2025 CTF 003570 (D.C. Super. Ct.). No federal attorney has entered an appearance. *See id.* Indeed, Defendant is charged with violating municipal laws, i.e., D.C. Code §§ 50-2206.11, 50-2206.14, 25-1001(a)(2), for which the maximum punishment may not exceed one year of imprisonment, *see* D.C. Code §§ 50-2206.13, 50-2206.15, 25-1001(d), and are thus only enforceable by the District of Columbia. *See* D.C. Code § 23-101. A simple review of the charging papers, and other filings in that case, shows that the District of Columbia has, at all times, been the sole prosecuting entity in the underlying criminal matter. *See, e.g.*, Exhibit A (Apr. 1, 2025 Charging Document in *District of Columbia v. Tibbs*, Case No. 2025 CTF 003570 (D.C. Super. Ct.)). Defendant's suggestion that the United States has "initiate[d] legal proceedings" against her, ECF No. 11, at 5 & 6, is incorrect.

To the merits of Defendant's argument, a "waiver of the Government's sovereign immunity must be unequivocally expressed . . . and will not be implied." *Sw. Power Admin. v. Fed. Energy Regul. Comm'n*, 763 F.3d 27, 31 (D.C. Cir. 2014) (cleaned up). Moreover, a "waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Peña*, 518 U.S. 187, 192 (1996); *see also In re Nofziger*, 956 F.2d 287, 289 (D.C. Cir. 1992) ("[L]imitations and conditions upon which the Government consents to be sued

must be strictly observed and exceptions thereto are not to be implied."). Defendant has offered no facts, nor can she, to demonstrate that the Government has "unequivocally expressed" a waiver of sovereign immunity, let alone one that would encompass the subject subpoena. She cites to no case law, and none exists, for the proposition that the federal government waives sovereign immunity where, as here, a federal law enforcement officer is called as a witness for a state prosecution and allegedly participates as a "member of the local prosecution team," or where it "accede[s]" to a court order. Defendant's position would both deprive the federal government of agency in waiving sovereign immunity and is plainly unsupported by the case law. *See Sw. Power Admin*, 763 F.3d at 31; *Lane*, 518 U.S. at 192; *In re Nofziger*, 956 F.2d at 289.

Moreover, even though the federal government is not prosecuting Defendant in the underlying criminal matter, its doing so would not change the application of sovereign immunity here. As another court in this District recently remarked, "this Court knows of [no cases] . . . in which a court held that the United States . . . waived its sovereign immunity merely by bringing a criminal prosecution." *Pretrial Servs. Agency for D.C. v. Sanders*, 780 F. Supp. 3d 286, 291 (D.D.C. 2025) (citation omitted)). That court noted that most of the cases cited by criminal defendants arguing otherwise, and likewise cited by Defendant here, "are lawsuits brought by the United States[] to recover money," and that the "limited consent-by-suit carveout" that Defendant discusses in its motion "is typically about claims for money damages and ordinarily does not 'appl[y] to non-monetary relief.'" *Id.* at 291-92 (citing *El Badrawi v. Dep't of Homeland Sec.*, 579 F. Supp. 2d 249, 280 (D. Conn. 2008); *United States v. Tsosie*, 92 F.3d 1037, 1043 (10th Cir. 1996)). Overall, even in the instance of the United States prosecuting a criminal defendant, "[t]he conclusion that the United States did not waive sovereign immunity . . . by bringing a criminal

prosecution . . . is not novel . . . [a]nd from that conclusion, it follows that the Court may not permit the subpoena's enforcement." *Id.* at 294 (collecting cases).

In opposition, Defendant also argues that the United States has waived sovereign immunity here through the Administrative Procedure Act ("APA"). *See* ECF No. 11, at 7. But the APA's waiver of sovereign immunity only extends to "action[s] in a court of the United States"; the APA does not waive the federal government's "immunity from suit in *state* courts" like the Superior Court. *Sanders*, 780 F. Supp. at 294 (emphasis in original; citations omitted). And courts in this District have squarely and repeatedly rejected Defendant's argument that the Superior Court "is a court of the United States . . . under the APA," ECF No. 11, at 7: "The upshot is that 'the D.C. Superior Court' is a 'state court' for APA purposes, so it lacks 'jurisdiction to enforce the subpoena because' of 'sovereign immunity.'" *Id.* (quoting *Est. of Pal v. Barcode Corp.*, Civ. A. No. 19-0109 (CKK), 2019 WL 4709902, at *2 (D.D.C. Sept. 26, 2019)); *see also id.* (rejecting argument that 28 U.S.C. § 451 and 18 U.S.C. § 6001(4) establish that the Superior Court is a "court of the United States" under the APA); *cf. Robinson v. Dep't of Health & Hum. Servs.*, Civ. A. No. 21-1644 (CKK), 2021 WL 4798100, at *4 (D.D.C. Oct. 14, 2021) (rejecting argument that Title VII's waiver of sovereign immunity, which applies to claims filed in "[U.S.] district court[s] and each [U.S.] court" extends to "Title VII claims filed in D.C. Superior Court"). To be sure, as Chief Macauley explained in his Motion to Quash, where an agency denies a party's *Touhy* request, "the only way to overturn" such denial "is to file a civil complaint under the [APA] and to establish that the [denial] . . . was arbitrary, capricious, and unreasonable." *Longtin v. Dep't of Just.*, Civ. A. No. 06-1302 (JMF), 2006 WL 2223999, at *3 (D.D.C. Aug. 3, 2006). But Defendant here does not challenge the denial of a *Touhy* request; rather, she seeks to enforce a Superior Court subpoena. Accordingly, sovereign immunity bars her claim.

## II. Defendant's Additional Arguments Against the Application of Sovereign Immunity Are Unavailing.

Defendant makes two additional arguments in support of the non-application of sovereign immunity. Neither has merit.

First, Defendant asserts that "a finding that the USSS-UD is immune from the court in which it prosecutes would undermine the fundamental rights of those accused of crimes." *Id.* at 9. But USSS-UD's "sovereign immunity . . . does not deny [Defendant her] due process rights to obtain the evidence necessary to defend [her]self." *United States v. Young*, Civ. A. No. 24-0143 (RC), 2025 WL 1111293, at *4 (D.D.C. Mar. 13, 2025), *vacated on other grds.*, 2025 WL 2180348 (D.C. Cir. July 30, 2025). To that point, the District of Columbia is still under its discovery obligations in the underlying criminal matter. And the Court's quashing of the subject subpoena would "not necessarily [be] the end of the matter," *Sanders*, 780 F. Supp. 3d at 294; Defendant may still challenge any denial of a request for the sought testimony or documents by the Agency through a collateral action under the APA. *Houston Bus. J., Inc. v. Off. of the Comptroller of Currency*, 86 F.3d 1208, 1212 (D.C. Cir. 1996). Moreover, "[s]uch due process concerns are not . . . a matter for this court," *Young*, 2025 WL 1111293, at *4, in its consideration of the application of sovereign immunity. *See United States v. Fears*, 789 F. Supp. 2d 166, 169 (D.D.C. 2011) (noting that it is the role of the "court overseeing the trial," and not the federal court considering whether to quash a Superior Court subpoena, to ensure the protection of "the defendant's important and fundamental constitutional rights").[2]

---

[2] In support of its argument, Defendant includes a modified quote from the Supreme Court's decision in *United States v. Reynolds*, remarking, "It would be 'unconscionable to allow [the USSS-UD] to initiate a prosecution and then invoke its governmental privileges to deprive the accused of anything which might be material to his defense.' *United States v. Reynolds*, 345 U.S. 1, 12 (1953)." ECF No. 11, at 10. In fact, in the quoted text, the Supreme Court was describing one party's argument, rather than setting it out as its own holding. *See Reynolds*, 346 U.S. at 12.

Second, Defendant contends that the history of the Superior Court demonstrates that it "is not a state court, but rather a court of the United States," and thus a "claim of immunity that would arise from a state-court subpoena simply does not arise here." *Id.* at 10. Not so. As the Supreme Court explained shortly after the creation of the D.C. local court system, the Superior Court and D.C. Court of Appeals are "wholly separate" from the federal courts and "designed primarily to concern [themselves] with local law and to serve a local court system from a large metropolitan area." *Palmore v. United States*, 411 U.S. 389, 408 (1973). The Superior Court "wield[s] only the local, territorial power of the District of Columbia"; "[t]hat explains why the judges of [that] court[] do not receive the protections of Article III—they do not wield the 'judicial power *of the United States*.'" *Akhmetshin v. Browder*, No. 25-7008, 2026 WL 2066200, at *3 (D.C. Cir. July 17, 2026) (emphasis in original; citing U.S. Const. art III, § 1). Given this, it should be no surprise that there is a significant and consistent body of case law applying sovereign immunity to Superior Court subpoenas. *See, e.g.*, *Dep't of Interior v. Lewis*, Misc. A. No. 25-0143 (TJK), 2026 WL 1848509, at *1-2 (quashing subpoena; "The Superior Court for the District of Columbia is considered a 'State Court' when issuing subpoenas (citations omitted)); *Young*, 2025 WL 1111293, at *1; *Est. of Pal*, 2019 WL 4709902, at *1; *Sanders*, 780 F. Supp. 3d at 288; *Stauffer v. Miller*, Misc. A. No. 14-0454 (ABJ-AK), 2014 WL 12539886, at *1 (D.D.C. July 16, 2014); *Fears*, 789 F. Supp. 2d at 167. Defendant's suggestion otherwise is without any basis.

Finally, intertwined in her argument for enforcement of the subpoena, Defendant argues for remand of the subpoena to the Superior Court. ECF No. 11, at 2-3. In support of this argument, Defendant concedes that 28 U.S.C. § 1442(a) "makes clear that state court subpoenas fall within

---

Moreover, the Supreme Court disagreed with that argument, stating, "Such rationale has no application in a civil forum where the Government is not the moving party." *Id.* So, too, here.

the range of [removable] 'civil action[s].'" *Id.* at 3. Nonetheless, Defendant states that removal under 28 U.S.C. § 1442(a) is only appropriate where "predicated on the allegation of a colorable federal defense"; and, further, that Chief Macauley's arguments for removal are "not supported by law" and thus not "colorable." *Id.* Chief Macauley's Motion to Quash, and this reply in support of such motion, plainly sets out colorable federal defenses, amply supported by extensive case law. Defendant's contention otherwise, and her request for remand, is without merit.

## III. <u>The Department of Homeland Security's *Touhy* Regulations Apply</u>

Finally, Defendant contends that because the "USSS-UD is a party, chose the Superior Court, and is offering an officer to establish the case," the requirement that she seek the requested testimony and documents through the Department of Homeland Security's *Touhy* regulations is inapplicable. ECF No. 11, at 12. Defendant's argument fails for at least two reasons.

First, as discussed above, Defendant is mistaken—USSS-UD is not a party to the underlying criminal matter (and, thus, did not "cho[o]se the Superior Court" for any litigation against her); and that a USSS-UD officer has been called as a witness for the District of Columbia is unavailing. *See supra* § I. Second, Defendant's reliance on *Alexander v. FBI*, in support of her argument, is misplaced. *See* ECF No. 11, at 13 (citing *Alexander v. FBI*, 186 F.R.D. 66, 70 (D.D.C. 1998). In that case, various civil rights groups sued the FBI, alleging that the agency had violated their privacy interests by mishandling information. 186 F.R.D. at 67. Plaintiffs noticed a deposition of a federal government official, and the federal government, in turn, sought to limit the scope of the deposition, citing its *Touhy* regulations. *Id.* at 68. In considering the Plaintiffs' challenge of the federal government's position, the Court remarked that *Touhy* did not apply where the United States is a party to the litigation and sought "to withhold documents or testimony from a federal court." *Id.* at 71. Here, as repeatedly noted, the United States is not a party to the

underlying criminal matter; and, moreover, the subject subpoena stems from the Superior Court, not a federal court.

Accordingly, the Agency's *Touhy* regulations apply and, for the reasons discussed in Chief Macauley's motion to quash, *see* ECF No. 2, at 10-11, Defendant's sole remedy would be to file a collateral action in federal court under the APA.

## IV. <u>Defendant Has Conceded Chief Macauley's Additional Arguments for Quashing</u>

In his motion, Chief Macauley argued that the Court should quash the subject subpoena on the grounds that sovereign immunity bars its enforcement against the Agency, enforcement of the subpoena against the Agency would violate the Supremacy Clause, and the subpoena does not meet the standards for a criminal subpoena. *See* ECF No. 2. In opposition, Defendant contests the former argument, but wholly fails to respond to the latter two arguments—i.e., that enforcement of the subpoena against the Agency would violate the Supremacy Clause, and that the subpoena does not meet the standards for a criminal subpoena. *See generally* ECF No. 11. In so failing, Defendant concedes these arguments, thus further warranting quashing on their bases. *See Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014) ("[LCvR 7(b)] is understood to mean that if a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded." (citations omitted)).

* * *

## CONCLUSION

For the foregoing reasons, the Court should issue an order quashing the subpoena issued to the Agency and denying Defendant Marquita Tibbs's Motion to Remand or, in the Alternative, Enforce the Subpoena.

Dated: July 30, 2026
Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: *Is/ William Thanhauser*
WILLIAM THANHAUSER
D.C. Bar #1737034
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-7706

*Attorneys for the United States of America*